UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROGER FIANDER,<br><br>　　　　Defendant. | NO.　CR-05-2099-RHW-8<br><br>**ORDER DISMISSING INDICTMENT** |

　　　On May 18, 2007, the Ninth Circuit issued an opinion in *United States v. Smiskin*, — F.3d —, 2007 WL 1452928 (9th Cir. May 18, 2007).  In that case, the court found that Yakama Tribal members' "possession and transportation of the contraband cigarettes violated the terms of the CCTA" and questioned "whether a violation of the State's pre-notification requirement can provide a valid basis for a CCTA prosecution of Yakama tribal members." *Id*. at *2.  The Ninth Circuit answered that question in the negative, holding that the "Government cannot rely on the State of Washington's pre-notification requirement as the basis for pursuing a CCTA prosecution against tribal members of the Yakama Nation." *Id*. at *9.

　　　In response to this holding, the Court issued an Order to Show Cause (Ct. Rec. 417) directing the parties to show cause why the Indictment in the above-captioned matter against Defendant Roger Fiander, a member of the Yakama Nation, should not be dismissed.  The Court received responses from Mr. Fiander (Ct. Recs. 418 & 421) and from the Government (Ct. Rec. 420).  Pursuant to Rule 34 of the Federal Rules of Criminal Procedure, the Court on its own "must arrest

ORDER DISMISSING INDICTMENT * 1

judgment if: (1) the indictment . . . does not charge an offense[.]"  After carefully considering the parties' arguments regarding the applicability of the *Smiskin* holding to Mr. Fiander and the *Smiskin* decision itself, the Court finds dismissal of the Indictment against Mr. Fiander is appropriate.

The Government argues dismissal is not proper for several reasons.  It notes that Mr. Fiander pled guilty to a violation of 18 U.S.C. § 1962(d), conspiracy to violate the Racketeering Influenced Corrupt Organizations Act (RICO).  It admits the RICO conspiracy charge was based upon violations of the CCTA, but it avers his participation in the conspiracy is not absolved by the Yakama Treaty right to travel because Mr. Fiander was aware that his actions furthered the illegal goals of the conspiracy.  The Government contends Mr. Fiander was aware he was part of the RICO conspiracy, he committed RICO overt acts by laundering proceeds from contraband cigarette trafficking through transporting money, and he knew the Contraband Cigarette Trafficking Act was being violated because he delivered unstamped cigarettes in excess of the Yakama Tribal allotment under Washington law.  Mr. Fiander responds by pointing out that the Government agreed in the plea agreement that the money laundering charge was "related to the offense of contraband cigarette trafficking."  (Ct. Rec. 411, at 14).  He also notes that the Ninth Circuit in *Smiskin* specifically declined to exclude commercial exchanges from the purview of the right to travel as reserved in the Yakama Treaty of 1855. 2007 WL 1452928, at *5.

Indeed, the Ninth Circuit did give the Yakama Treaty's right to travel clause an expansive reading in *Smiskin*, extending the right to encompass both travel and trade. *Id.* ("Thus, whether the goods at issue are timber or tobacco products, the right to travel overlaps with the right to trade under the Yakama Treaty such that excluding commercial exchanges from its purview would effectively . . . render the Right to Travel provision truly impotent.").  With this broad interpretation in mind, the Court looks to Mr. Fiander's plea agreement and its factual basis, along with

ORDER DISMISSING INDICTMENT * 2

the Indictment, to determine whether the RICO conspiracy charge should be dismissed.

It is clear in both documents that Mr. Fiander's involvement in the conspiracy was limited to his role as a transporter of cigarettes and currency between smoke shops on the Yakama Reservation and Co-Defendant Louie Mahoney's residence in Plummer, Idaho. (*See* Ct. Rec. 1, at 8-9, 16-17, 22-26; Ct. Rec. 411, at 12-13). The alleged illegality of Mr. Fiander's actions was his failure to provide notice to the State of Washington before transporting the cigarettes from Plummer back to the smoke shops on the Reservation. The *Smiskin* court in no uncertain terms held that "the federal government cannot impose criminal sanctions on [Yakama] tribal members for not providing notice to the State before transporting tobacco for sale or trade." *Smiskin*, 2007 WL 1452928, at *4. Taking this holding to its logical conclusion, the Court finds the Government likewise cannot impose criminal sanctions on Mr. Fiander, a Yakama Tribal member, for transporting the currency used to buy the tobacco or given in exchange for his services in transporting that tobacco either. *See id.* at *5. Transporting payments for trade goods and getting paid for such transport are part of travel and trade covered by the Treaty. Both represent an unacceptable imposition on the Yakama Right to Travel as reserved in the Treaty of 1855.

Regarding Mr. Fiander's knowledge of the conspiracy to violate the RICO, at the change of plea hearing on April 19, 2007, Mr. Fiander explained that his knowledge of the conspiracy was limited to his participation in it as a transporter of cigarettes and currency. The *Smiskin* court made clear that this participation cannot form the basis of a prosecution under the CCTA, which is the basis for the money laundering and RICO charges. Although Mr. Fiander's lack of culpability for his actions does not extend to his Co-Defendants—they still can be sanctioned for their violations of the CCTA and for conspiracy to violate the RICO, his treaty right to travel and trade as interpreted by the Ninth Circuit in *Smiskin* insulates him

ORDER DISMISSING INDICTMENT * 3

from prosecution. As the charges against Mr. Fiander in the Indictment and to which he pled guilty are based solely on his protected activity, the Court dismisses the Indictment against him.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Indictment against Defendant Roger Fiander is **DISMISSED with prejudice**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, to provide copies to counsel, and to **close the file**.

**DATED** the 11th day of June, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2005\Mahoney\Fiander.dismiss_mtd.wpd

ORDER DISMISSING INDICTMENT * 4