UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROGER FIANDER,<br><br>    Defendant. | NO. CR-05-2099-RHW-8<br><br>**ORDER GRANTING MOTION TO WITHDRAW PLEA** |

Before the Court is Defendant's Motion to Vacate or for Leave to Withdraw from Plea Agreement (Ct. Rec. 519). Defendant seeks to withdraw the guilty plea he entered on April 19, 2007, to Count 1 of the indictment: conspiracy to violate RICO (18 U.S.C. § 1962(d)).

After accepting a guilty plea, but before imposing sentence, a Court may in its discretion permit a Defendant to withdraw said plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d)(2)(B). The defendant bears the burden of making such a showing, but the "fair and just" standard must be applied liberally. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). Fair and just reasons include "intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* Whether a defendant seeking withdrawal has claimed he is legally innocent is an important factor to be weighed in this context. *Id.* at 883-84 (citing Fed. R. Crim. Pro. 32(d), Advisory Committee Notes (1983 Amendments)).

Defendant's primary argument in support of his motion is a claim of legal

**ORDER GRANTING MOTION TO WITHDRAW PLEA** * 1

innocence – *viz.*, that his participation in the instant conspiracy was not "knowing" because he lacked knowledge of his co-Defendants' illegal conduct. The Government argues in response that Defendant's knowledge "was well fleshed-out by the Court during the change of plea" (Ct. Rec. 526).

The Court previously characterized Defendant's statements at the change of plea hearing as expressing that "his knowledge of the conspiracy was limited to his participation in it as a transporter of cigarettes and currency" (Ct. Rec. 422). At that hearing, Defendant stated that he was "not [] completely knowledgeable of all the activities" of the conspiracy (Ct. Rec. 419, p. 21, lns. 13-14). The plea agreement's factual basis is preceded by a disclaimer: "The United States and the Defendant agree, to the extent that Roger FIANDER had personal knowledge of the following factual statements, they are accurate" (Ct. Rec. 411, p. 6, lns. 4-6).

After Defendant entered his guilty plea, the legal framework of this case was restructured by *United States v. Smiskin*, 487 F.3d 1260 (9th Cir. 2007), and *United States v. Fiander*, 547 F.3d 1036 (9th Cir. 2008). These decisions provide guidance and clarity regarding the elements of the crime to which Defendant pleaded that were not available when Defendant entered his plea. The Court finds that these decisions constitute the kind of "intervening circumstances" that justify withdrawal of a plea. *Ortega-Ascanio,* 376 F.3d at 883. Moreover, Defendant's claim of legal innocence also weighs in favor of granting leave to withdraw.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate or for Leave to Withdraw from Plea Agreement (Ct. Rec. 519) is **GRANTED.**

2. The guilty plea Defendant entered on April 19, 2007, to Count 1 of the indictment, is **vacated**.

///
///
///

**ORDER GRANTING MOTION TO WITHDRAW PLEA** * 2

1  **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
2  Order and forward copies to counsel.
3  **DATED** this 23rd  day of December, 2008.

5              *s/Robert H. Whaley*
                ROBERT H. WHALEY
6           Chief United States District Judge

Q:\CRIMINAL\2005\05-2099\Fiander\grant.withdraw.ord.wpd

**ORDER GRANTING MOTION TO WITHDRAW PLEA** * 3